**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

E-FILED

Date 3/29/16

KELLIE REGAN,

    Plaintiff,

v.                                    Case No. 14-14736

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kellie Regan appeals from Defendant Commissioner of Social Security's denial of her application for disability insurance. Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R. & R.") (Dkt. # 18) advising the court to deny Plaintiff's Motion for Summary Judgment (Dkt. # 11) and grant Defendant's Motion for Summary Judgment (Dkt. # 15). Plaintiff timely filed an Objection to the R. & R. (Dkt. # 19), to which Defendant responded (Dkt. # 20). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's Objection and adopt the R. & R.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff makes one objection, arguing that "[t]he ALJ hypothetical and RFC are not supported by the medical evidence and is [sic] not consistent with the substantial evidence in this case." Pl.'s Obj. 2. This heading indicates, and the substance of the objection confirms, this is not an objection to specific errors in the Magistrate Judge's R. & R. Instead, the objection is addressed entirely to the ALJ's analysis and is thus simply

a regurgitation of arguments already made in the briefing reviewed by the Magistrate Judge. Indeed, Plaintiff commences her briefing stating that she "reasserts all of the arguments previously made in Plaintiff's Brief and objects to any and all findings of fact contained in the U.S. Magistrate Judge's R&R." Pl.'s Obj. 1.

The court is not obliged to consider such general objections because they are not actually "specific written objections to the [Magistrate Judge's] proposed findings and recommendations." *See* Fed. R. Civ. P. 72(b)(2); *Owens v. Comm'r Soc. Sec.*, No. 1:12-cv-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."). Objections like this one contravene the purpose of the Federal Magistrates Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, after a *de novo* review of the record, the court incorporates the Magistrate Judge's well-reasoned analysis of Plaintiff's restated arguments (*see* Dkt. # 18, Pg. ID 499-501), overrules Plaintiff's objection, and adopts the R. & R. as the opinion of the court.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Objection (Dkt. # 19) is OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 18) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

2:14-cv-14736-RHC-PTM   Doc # 24   Filed 03/29/16   Pg 5 of 5   Pg ID 527

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment

(Dkt. # 11) is DENIED, and Defendant's Motion for Summary Judgment (Dkt. # 15) is

GRANTED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, March 29, 2016, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522